81 F.3d 162
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James NARLOCK, Defendant-Appellant.
 No. 95-1701.
 United States Court of Appeals, Sixth Circuit.
 March 29, 1996.
 
 1
 Before: KENNEDY and MOORE, Circuit Judges, and WELLS, District Judge.*
 
 ORDER
 
 2
 James Narlock, a pro se federal prisoner, appeals the sentence imposed upon remand following his guilty plea to one count of conspiracy to possess with intent to distribute and to distribute cocaine in violation of 21 U.S.C. § 846. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In August 1983, Narlock was named in 16 counts of a 17-count indictment charging conspiracy, distribution of cocaine, possession of cocaine with intent to distribute, use of a telephone to facilitate a drug trafficking offense, and travel in interstate commerce to promote the distribution of cocaine. He pleaded guilty on October 15, 1993, to the conspiracy count pursuant to a Rule 11 plea agreement. The plea agreement provided, inter alia, that any sentence of incarceration would not exceed the mid-point of the sentencing guideline range the court found to be applicable, and that the government would not use information provided by the defendant under the agreement against him at sentencing. The district court sentenced Narlock on January 12, 1994, to 180 months in prison, five years of supervised release, and a $5000 fine.
 
 
 4
 Upon direct appeal, a panel of this court affirmed Narlock's sentence insofar as it included a leadership enhancement, but vacated the judgment and remanded the case for recalculation of the amount of drugs attributable to Narlock and resentencing. See United States v. Narlock, No. 94-1072, 1995 WL 12291 (6th Cir. Jan. 12, 1995) (per curiam). A new sentencing hearing was conducted, after which the district court resentenced Narlock to 168 months in prison. The corrected judgment was issued on June 15 and entered on June 16, 1995.
 
 
 5
 Proceeding pro se on appeal, Narlock argues that: (1) information derived from a drug ledger seized from his residence was immunized by the plea agreement and could not be used to calculate his sentence, (2) the evidentiary hearing did not establish a wholly independent source for the immunized testimony, and (3) the district court erred in sentencing him at the top of the new guideline range when the plea agreement called for a sentence not to exceed the midpoint of the applicable range. Despite an earlier motion to withdraw his appointed counsel and proceed pro se, which was granted, Narlock has also filed a motion for the appointment of new counsel on appeal.
 
 
 6
 Upon review, we affirm the district court's judgment because an independent source did exist for interpretation of the information contained in the drug ledger used in Narlock's resentencing, and because the district court did not err in rejecting a provision in Narlock's plea agreement by resentencing him at the high end of the newly-calculated guideline range after offering him the opportunity to withdraw his plea.
 
 
 7
 Narlock first argues that drug quantity information contained in the drug ledger could not be used to calculate his sentence because the plea agreement provided that information given in cooperation with the government investigation would not be used against him at sentencing. Findings of fact regarding the amount of drugs for which a defendant will be held accountable are reviewed for clear error. United States v. Ward, 68 F.3d 146, 149 (6th Cir.1995). A sentencing court has discretion to consider "any and all" evidence of the quantity of drugs involved. United States v. Partington, 21 F.3d 714, 717 (6th Cir.1994). Nonetheless, the Sentencing Guidelines provide that information provided by the defendant pursuant to an agreement to cooperate shall not be used in determining the applicable guideline range. USSG § 1B1.8(a). An exception exists where the information was known to the government prior to entering into the cooperation agreement. USSG § 1B1.8(b)(1). Unrebutted testimony at sentencing established that the drug ledger had been discovered prior to the proffer of information by Narlock pursuant to the plea agreement, and that the information contained therein had been interpreted by a law enforcement officer experienced in drug investigations before his conversations with the defendant. This information, therefore, falls within § 1B1.8(b)(1), and the district court's finding as to the amount of drugs attributable to Narlock is not clearly erroneous.
 
 
 8
 Narlock's next contention, that the district court breached the plea agreement by sentencing him on remand to the maximum term under the recalculated guideline range instead of no higher than the mid-point of that range as provided in the plea agreement, is completely meritless. The district court has broad discretion in deciding whether or not to accept a plea agreement. United States v. Moore, 916 F.2d 1131, 1135 (6th Cir.1990). In this case, the plea agreement entered into by Narlock specifically provided that "[t]he court may accept or reject this agreement, or may defer its decision until it has an opportunity to consider the presentence report.... If the court rejects this agreement, it shall afford the defendant the opportunity to withdraw the plea of guilty and advise the defendant that if the plea is not withdrawn the sentence may be greater than the maximum provided for in this agreement." Because the information available to the district court upon resentencing differed from that available at the original sentencing, the court acted within its discretion when it reconsidered the appropriateness of the sentencing recommendation found in the plea agreement. The amount of drugs attributed to Narlock upon resentencing was less than the amount found in the original sentencing proceeding, resulting in a lower offense level and, thus, a lower sentencing range. The district court had found the mid-point of the sentencing range as originally calculated to be appropriate, but expressly informed Narlock that it would not accept the mid-point limitation in fashioning his new sentence because, under the circumstances it was not persuaded that the interest of justice would be served by that low a sentence. Consequently, and in conformity with the plea agreement, the district court offered Narlock both the opportunity to withdraw his guilty plea and the opportunity to discuss his options with his attorney before reaching his decision. Following this consultation and additional warnings from the court that his sentence would exceed the mid-point of the guideline range, Narlock informed the court that he did not wish to withdraw his plea. There was no error.
 
 
 9
 Accordingly, the motion for the appointment of counsel is denied. The district court's judgment, entered on June 16, 1995, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Lesley Brooks Wells, United States District Judge for the Northern District of Ohio, sitting by designation